**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**TYNISKI EVANS**  CIVIL ACTION

**VERSUS**  NO. 16-66-SDD-EWD

**BATON ROUGE COMMUNITY COLLEGE**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 7, 2016 .

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TYNISKI EVANS                                              CIVIL ACTION

VERSUS                                                     NO. 16-66-SDD-EWD

BATON ROUGE COMMUNITY COLLEGE

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court following a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether all or any part of this case should be dismissed as frivolous because (1) the complaint has no realistic chance of ultimate success; or (2) it has no arguable merit in terms of the arguable substance of the claims presented, both in law and in fact; or (3) beyond doubt, the plaintiff can prove no set of facts in support of her claims which would entitle her to relief. *See Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986)

**Factual and Procedural Background**

Pro se plaintiff, Tyniski Evans, filed her Complaint on October 30, 2015.[1] The named defendant is Baton Rouge Community College ("BRCC"). The Complaint asserts jurisdiction based on "sexual assault mental physical abuse and perjury." More specifically, Plaintiff alleges that she "was [subject to] harassment, assault, mental physical abuse and then lied to while attending BRCC." Plaintiff further alleges "they put the sun and the noon in my body," and that "because of what Baton Rouge Community did to me I have a mental problem suffered brain damage and have terex."

---

[1] R. Doc. 1.

2

The Complaint was originally filed in the Eastern District of Louisiana. Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) on October 30, 2015.[2] The Application was granted and Plaintiff was permitted to proceed in forma pauperis on November 3, 2015.[3] Plaintiff filed a Motion for Entry of Default Pursuant to Fed. R. Civ. P. 55(a) on January 25, 2016.[4] Although the Motion for Entry of Default alleges that receipt of the summons and complaint in this case was signed for by "an authorized representative of Dillard University," and the defendant here is BRCC, an Entry of Default against defendant BRCC was entered on January 27, 2016.[5]

Before the Entry of Default was received, Plaintiff also filed a Motion for Default Judgment as to BRCC.[6] This case was transferred to the Middle District of Louisiana pursuant to an Order, dated February 1, 2016, upon a finding by the Eastern District of Louisiana that it was not a court of proper venue because defendant is domiciled in Baton Rouge, Louisiana, which is located in the Middle District of Louisiana, and all of the events giving rise to this litigation occurred in Baton Rouge, Louisiana.[7] The Motion for Default Judgment is currently pending before this Court.

At the *Spears* hearing held on April 6, 2016, Plaintiff provided additional information and answered questions from the Court regarding her claims. Plaintiff was apparently a student at BRCC from approximately 2010-12. It was during her time as a student that Plaintiff claims the events that form the basis of her Complaint occurred. Specifically, Plaintiff repeatedly maintained that BRCC "put the sun and moon in her mind." When asked to explain further what she meant,

---

[2] R. Doc. 2.
[3] R. Doc. 3.
[4] R. Doc. 10.
[5] R. Doc. 12. The Process Receipt and Return of the United States Marshals Service indicates that Baton Rouge Community College was served with the Complaint and Summons on November 12, 2015. (R. Doc. 5).
[6] R. Doc. 11.
[7] R. Doc. 13.

Plaintiff stated that she was not sure, but believed she was the victim of a magic spell by some unknown persons at BRCC. Plaintiff claims this "spell" caused her to develop bipolar schizophrenia and that she knows this is attributable to BRCC because she did not have any prior history of mental illness or disorders. Plaintiff also maintains that her enrollment at BRCC was improperly terminated because BRCC "lied" and said her grade point average was not high enough to continue when, in fact, she did have a high enough grade point average to attend. Finally, with regard to the harassment allegations, Plaintiff initially stated she had dreams about individuals doing things to her, but that nothing actually happened. Upon further questioning by the court, Plaintiff alleged that Lisa Lawson, who is apparently an employee in the financial aid office of BRCC, made sexually inappropriate comments to her, although Plaintiff could not state specifically when this occurred and Plaintiff's statements regarding this issue were vague. Plaintiff advised that she became homeless and lost her job as a result of BRCC's actions and she seeks damages as compensation.

At the hearing, Plaintiff produced paperwork from Covenant House, dated April 2014, stating that she is homeless and in a program there. She also produced certain records from her claim for social security disability benefits which contain a diagnosis of schizophrenia. Plaintiff also produced records from Seaside Healthcare where she was apparently admitted in August 2015 with a diagnosis of schizophrenia in acute exacerbation.

**Applicable Law and Analysis**

Pursuant to the provisions of 28 U.S.C. § 1915(e), this court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Cf., Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis

either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 17281733, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*., 490 U.S. at 327-28, 109 S.Ct. at 1833. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton*, 504 U.S. at 32-33, 112 S.Ct. at 1733 (citations and internal quotation omitted).

Here, there are several problems with Plaintiff's claims. First, the defendant in this matter is BRCC. BRCC does not, however, have the capacity to sue or be sued because it is not a juridical entity. BRCC is an institution under the Louisiana Community and Technical College Systems which is under the management of a Board of Supervisors. La. R.S. 17:3217.1. The Board of Supervisors has the "authority to exercise power necessary to supervise and manage the day-to-day operations of institutions of postsecondary education under its control, including but not limited to the following: (1) sue and be sued …." La. R.S. 17:3351(A); *See e.g., Hall v. Board of Supervisors of Community and Technical Colleges*, 2015 WL 2383744, at *2 (E.D. La. May 18, 2015) (dismissing claim against Delgado Community College on the basis that it was not a juridical entity and, therefore, lacked the capacity to be sued.) Accordingly, Plaintiff's suit cannot be maintained against BRCC.

Even if Plaintiff were to correctly name the appropriate Board of Supervisors in this action, she would still not be able to maintain her claim in this Court. The Eleventh Amendment of the United States Constitution bars a federal court from "entertain[ing] a suit brought by a citizen against his own State." *Boston v. Tanner*, 29 F.Supp. 2d 743, 745 (W.D. La. Oct. 27, 1998) (citations and quotation omitted). The Boards of Supervisors for the various Louisiana college systems are arms of the state and, therefore, immune from suit in federal court. *Id.* at 746 (finding that a Board of Supervisors was an arm of the state and, therefore, entitled to Eleventh Amendment immunity).[8]

Finally, even if Plaintiff were able to overcome these significant procedural hurdles, the court would still recommend dismissal of her claims in this matter because the claims are factually frivolous or fail to state a claim upon which relief can be granted. Plaintiff's claims that BRCC "put the sun and moon in her mind" through a magic spell is clearly "fanciful, delusional, or fantastic." *Neitzke*, 490 U.S. at 327-28, 109 S.Ct. at 1833. These allegations are irrational and have no legal merit whatsoever. With regard to the claim that BRCC lied to her about her grade point average, there does not appear to be any federal cause of action for such a claim. Finally, with regard to her claims of harassment, Plaintiff has not articulated any facts to establish such a claim.[9]

---

[8] The court also notes Plaintiff's claims appear to be prescribed. Although she was not clear, Plaintiff alleges that the events she claims form the basis of the Complaint occurred sometime between 2010 and 2012. This suit was not filed until 2015.

[9] The court recommends that this suit be dismissed with prejudice as opposed to permitting Plaintiff an opportunity to amend her Complaint to attempt to state a cause of action. In light of the nature of the allegations and Plaintiff's testimony at the *Spears* hearing, the court believes any amendment to the Complaint would be futile. *See Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("[L]eave to amend is to be granted liberally unless the . . . amendment would be futile.")(citations omitted).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that this matter be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B).[10]

Signed in Baton Rouge, Louisiana, on April 7, 2016.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] The court does not address the merits of Plaintiff's Motion for Default Judgment (R. Doc. 11) in light of the recommendation that the case should be dismissed with prejudice. That motion will be terminated and the case closed if the magistrate judge's recommendation is adopted by the district judge.